UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ERIC ADARYLL WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV415-288 |
| ) | |
| WARDEN DOUG WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Eric Adaryll Williams has filed a 28 U.S.C. § 2254 petition.[1] Doc. 1. Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, his petition should be denied as untimely.[2] Petitioner was

---

[1] He also moves for leave to proceed *in forma pauperis*. Finding him indigent, the Court **GRANTS** that motion. Doc. 2.

[2] Under 28 U.S.C. § 2244(d)(1), petitioner was required to file his § 2254 petition within one year of the date his conviction became final. *Chavez v. Sec'y, Fla. Dep't. of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014); *Smith v. Jones*, 2015 WL 521067 at * 4 (N.D. Fla. Feb. 9, 2015). That one-year clock is stopped only by the pendency of a properly filed state (direct or collateral) review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan.7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F.Supp.2d

guilty-plea convicted of armed robbery charges on March 13, 2008 and took no appeal. Nor did he file anything until 2015, when he sought to adjust his consecutive sentences. Doc. 1 at 1-3; *see also* doc. 1-1 (June 10, 2015 state court order denying his motion to declare his consecutive sentences concurrent).

Williams thus ran out § 2244(d)(1)'s one-year clock, and it could not be restarted even if he filed for state habeas relief in 2015. *See supra* n. 2; *Mashburn v. Thomas*, 2015 WL 247730 at * 10 (N.D. Ala. Jan. 20, 2015) (a belated, state-court granted appeal failed to restart the federal limitations clock: it "ran out, and the fact that Mashburn subsequently requested, and was granted, a belated appeal does not operate to retroactively statutorily toll those [clock-running] days.").

Williams' only excuse for missing the one-year deadline by *years* is his legal ignorance of his appellate rights. Doc. 1 at 8-14. That does not serve to stop or toll the one-year clock. *Spears v. Warden*, 605 F. Appx. 900, 904 (11th Cir. 2015); *Hill v. Philbin*, 2015 WL 5604371 at * 3 (S.D.

---

1373, 1375 (S.D. Ga. 2012). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1.

Ga. Sept. 23, 2015). Hence, his petition must be **DENIED**. Doc. 1.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009),[3] the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this  5 Th  day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant."

3